IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MELVIN PLANT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-202 |
| § | |
| BASIC MARINE SERVICES, INC., et al., § | |
| § | |
| Defendants. § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This case arises out of injuries allegedly sustained by Melvin Plant ("Plaintiff") while working on Drilling Barge No. 10, operated by Defendant Basic Marine Services ("Basic"). Now before the Court comes Basic's Motion to Transfer Venue to the Eastern District of Louisiana, or alternatively, the Western District of Louisiana. For the reasons stated below, Defendant's Motion is **DENIED.**[1]

**I. Background**

Plaintiff allegedly suffered injuries on or about January 1, 2006, when he slipped and fell on the barge operated by Basic. At the time, the barge was working on behalf of Defendant Burlington Resources, Inc. or Defendant Burlington Resources Oil & Gas Co., LP. After the accident, the Burlington entities were acquired by Defendant ConocoPhillips.

**II. Legal Standard**

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810

F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Basic argues that the availability and convenience of key witnesses would be increased by transfer to the Eastern or Western District of Louisiana. To support this argument, Basic has identified several key witnesses located in Louisiana. First is a group of Plaintiff's fellow crew members with knowledge of the accident and the conditions surrounding it. Of the crewmembers identified, all six are Basic employees. Two of them live in the Eastern District of Louisiana, and four live in the Western District of Louisiana. Next, Basic also identifies the Burlington company man as a relevant witness. He is a resident of the Western District of Louisiana. Finally, basic identifies two of Plaintiff's initial treating physicians who both reside in the Eastern District of Louisiana. Those witnesses who are employed by Defendants can be compelled to testify, and the Court attaches diminished weight to their convenience. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). That some of these employees may move on to other employment before trial is of no moment. The Court must consider the record as it now stands.

Plaintiff responds that his current treating physician as well as his economist reside in the Southern District of Texas. Additionally, the Plaintiff notes that Defendant ConocoPhillips is located within this District.

With witnesses scattered all over the Gulf Coast, any forum will be inconvenient for at least some of the witnesses. Since most of the witnesses can be presented by deposition or are employed by one of the Parties, there is no compelling reason to transfer this case to either of the requested courts. This factor does not weigh for or against transfer.

B. *Cost of Trial*

Basic argues that trial will be more expensive here than in the Eastern District of Louisiana since most witnesses live in Louisiana. However, Basic fails to note that several of Plaintiff's key witnesses actually reside in this District. There is unavoidable cost associated with any litigation. Basic has not shown an overwhelming cost differential between a trial here and one in Louisiana that would militate transfer. This factor does not weight for or against transfer.

C. *Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. However, it is entitled to less deference since Plaintiff, a Louisiana resident, does not reside in this District. Other than the location of Plaintiff's treating physician and expert economist, individuals that Plaintiff came into contact with or indeed retained, after he incurred his injuries, this lawsuit has no connection to this Division or even the Southern District of Texas. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to less deference. *See, e.g.*, *Robertson*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). However, it is still entitled to some deference, and will not be disturbed absent a relatively strong showing that justice demands trial in another forum.

E. *Place of the Alleged Wrong*

The alleged wrong took place in the inland territorial waters of Louisiana. Though the residents of this Division have little, if any, interest in the outcome of this case, it is not so inextricably

intertwined with the citizenry of Louisiana as to require transfer. This factor does not weigh for or against transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is set for trial in February, 2007. Transfer at this date would not necessarily result in significant delay. This factor does not weigh for or against transfer.

**IV. Conclusion**

After examining the relevant venue factors, coupled with the specific facts of this lawsuit and the well-prepared submissions of both sides, the Court concludes that Basic has not carried its burden of demonstrating that transferring this case to the Eastern or Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Basic's Motion to Transfer Venue is respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 10th day of August, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge